IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

PETER GAKUBA,
#M52946,

        Plaintiff,

v.

LARRY HENDERSON,
GRETA SMITH,
PENNY GEORGE,
DR. BIRCH,
CHRIS GOTWAY, and
TERRY GRISSOM,

        Defendants.

Case No. 19-cv-01273-NJR

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

    Plaintiff Peter Gakuba, an inmate of the Illinois Department of Corrections who is currently incarcerated at Vienna Correctional Center ("Vienna"), brings this civil rights action pursuant to 42 U.S.C. § 1983. Following a preliminary review of the First Amended Complaint pursuant to 28 U.S.C. § 1915A, Gakuba is proceeding with claims related to his diet and seafood allergy in violation of the Eighth Amendment and a claim for retaliation in violation of the First Amendment. (Doc. 17). On March 11, 2020, the Court issued an order denying the following motions filed by Gakuba: Motions for Equitable Relief (Docs. 5, 14, 46), Motion for Court Ordered Prison Transfer (Doc. 23), Motion to Compel Discovery (Doc. 41), Motion for Summary Judgment (Doc. 47), and Motion for Judgment on the Pleadings (Doc. 48). On March 24, 2020, Gakuba simultaneously filed Motion for Reconsideration (Doc. 52) and a Notice of Appeal (Doc. 54) of the Court's Order. A few weeks later, he filed a Motion for Leave to Appeal *in forma pauperis* ("IFP")

(Doc. 55). The Motion for Reconsideration and the Motion for Leave to Appeal IFP are currently before the Court for consideration, along with the affidavit demonstrating his inability to pay, filed as a separate motion (Doc. 62).

## MOTION FOR RECONSIDERATION

The Federal Rules of Civil Procedure do not explicitly contemplate motions to reconsider. Nevertheless, the Seventh Circuit has approved of district courts construing motions pursuant to the standards set forth in Federal Rule of Civil Procedure 59(e) or 60(b) if it appears that a party is requesting relief available under those Rules. *United States v. Deutsch*, 981 F.2d 299, 300 (7th Cir. 1992). "[W]hether a motion filed within [28] days of the entry of judgment should be analyzed under Rule 59(e) or Rule 60(b) depends on the substance of the motion, not on the timing or label affixed to it." *Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008).

Rule 59(e) allows a court to alter or amend a judgment in order to correct manifest errors of law or fact or to address newly discovered evidence. *Obriecht*, 517 F.3d at 494. "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal citations omitted).

Rule 60(b) sets forth a more exacting standard than Rule 59(e), although it permits relief from a judgment for a number of reasons, including mistake or "any other reason justifying relief from the operation of judgment." FED. R. CIV. P. 60(b). Relief under Rule 60(b) is an extraordinary remedy and is only granted in exceptional circumstances. *McCormick v. City of Chi.*, 230 F.3d 319, 327 (7th Cir. 2000).

As a preliminary matter, the Court must address its jurisdiction to decide the

Motion to Reconsider, given the fact that Gakuba simultaneously filed a Notice of Appeal. Ordinarily, a notice of appeal "divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982); *accord May v. Sheahan*, 226 F.3d 876, 879 (7th Cir. 2000). Where a party files a timely notice of appeal and a timely Rule 59(e) motion or a Rule 60(b) motion filed no later than twenty-eight days after the judgment is entered, however, the notice becomes effective only after the order disposing of the Rule 59(e) or Rule 60(b) motion. FED. R. APP. P. 4(a)(4)(B)(i); *see Katerinos v. United States Dep't of Treasury*, 368 F.3d 733, 737 (7th Cir. 2004). Consequently, the Court finds that it has jurisdiction to decide the Motion to Reconsider despite Gakuba's Notice of Appeal.

In the motion, Gakuba asks the Court to reconsider the denial of his Motion for Summary Judgment and Motions for Equitable Relief. In support of his motion, he argues that the undersigned "rested on martial misrepresentations and omissions in a wanton and reckless disregard for the truth." (Doc. 52, p. 1). He first essentially argues that the Court made an error by denying the Motion for Summary Judgment because summary judgment motions may be filed at any time. While a motion for summary judgment may be filed at any time, it is not an abuse of discretion for a Court to conclude that the motion is premature when filed before defendants have answered, and the Court will not amend its ruling. *See Stanley v. Hollingsworth,* 307 F. App'x 6, 10 (7th Cir. 2009); FED. R. CIV. P. 56(b).

In furtherance of his claims that the Court should reconsider his requests for equitable relief, Gakuba realleges facts and arguments already stated in his previous motions for equitable relief and the First Amended Complaint. Specifically, he argues

that the Court did not consider that (1) when he was incarcerated at Robinson Correctional Center, prior to being transferred to Vienna, he was provided a special diet, and his seafood allergy was respected; (2) Defendant Henderson told him that Vienna does not respect prisoner food allergies per an unspecified administrative directive; (3) Defendant Dr. Birch is an osteopath, while Gakuba's personal doctor is a board-certified cardiologist; and (4) his special meals are being denied because of the added costs and labor. (Doc. 55, p. 9-10). He claims that it was incorrect for the undersigned to conclude that his seafood allergy would be respected even if it was documented or diagnosed by a physician, as Vienna does not respect any prisoners' food allergies. (*Id.*).

Although he disagrees with the Court's ruling, Gakuba has not shown that the denial of his requests for equitable relief was done in error or was a mistake in some way. In order to obtain injunctive relief while a lawsuit is pending, a plaintiff must meet three requirements: a reasonable likelihood of success on the merits; no adequate remedy at law; and irreparable harm absent the injunction. *See Planned Parenthood v. Comm'r of Ind. State Dep't Health*, 699 F.3d 962, 972 (7th Cir. 2012). Each requirement must be satisfied to obtain relief. The Court remains convinced of the determination that, based on the pleadings, Gakuba did not demonstrate a likelihood of success on the merits or irreparable harm. Gakuba's Eighth Amendment claims of deliberate indifference to a serious medical need and cruel and unusual punishment against Defendants for continuing to provide him seafood meals and that he will suffer irreparable harm are premised on the alleged fact that he has a seafood allergy. Other than stating he has an allergy, Gakuba has not offered any kind of medical documentation to corroborate his allegations, he admits that he denied taking an allergy test when offered by Dr. Birch,

and he has not explained how his dietary allergies rise to the level of a serious medical need or the medical consequences of consuming seafood. Consequently, the Court still finds that it remains unclear whether he has a seafood allergy and whether such allergy could be considered an objectively serious medical condition. He has not made a "clear showing" that he is entitled to relief as is required for a preliminary injunction. *Valencia v. City of Springfield*, 883 F.3d 959, 965 (7th Cir. 2018) (a preliminary injunction should not be ordered "except in a case clearly demanding it.").

As Gakuba has not established that the Court made an error of law or fact or presented an exceptional circumstance that warrants vacation or amendment of the Court's ruling, the motion is denied.

### MOTION FOR LEAVE TO APPEAL *IN FORMA PAUPERIS*

A federal court may permit a party to proceed on appeal without full pre-payment of fees provided the party is indigent and the appeal is taken in good faith. 28 U.S.C. § 1915(a)(1) & (3); FED. R. APP. P. 24(a)(3)(A). *See also Walker v. O'Brien*, 216 F.3d 626, 630-31 (7th Cir. 2009). An appeal is taken in good faith if it seeks review of an issue that is not clearly frivolous, meaning that a reasonable person could suppose it to have at least some legal merit. *Walker,* 216 F.3d at 632 (citing *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000)). The motion to proceed IFP must be supported by an affidavit that shows the party's inability to pay or to give security for fees and costs, claims an entitlement to redress, and states the issues that the party intends to present on appeal. *See* FED. R. APP. P. 24(a)(1).

Here, a review of Gakuba's affidavit and financial statement confirms he is indigent. (Doc. 62). For the reasons that follow, however, the Court grants in part and

denies in part the motion.

To the extent that the motion is seeking leave to appeal IFP the Court's ruling regarding the Motion to Compel Discovery, the Motion for Summary Judgment, and the Motion for Judgment on the Pleadings, the Court finds that because Gakuba des not provide any basis for his appeal, the appeal is not taken in good faith. A motion for leave to proceed IFP must state "the issues that the party intends to present on appeal." FED. R. APP. P 24(a)(1)(C). Gakuba's Motion for Leave to Appeal IFP only discusses the Court's denial of his Motions for Equitable Relief and does not contain the issues he intends to present on appeal regarding the denial of his other motions. Furthermore, the Notice of Appeal (Doc. 54) also does not describe a basis for his appeal and simply states that he is appealing the "order denying equitable relief (ECF 51) and all related orders (denial court recruited counsel; denial discovery of any kind to pro se indigent prisoner)[.]"

Alternatively, the Court also finds that no reasonable person could suppose that his claims have merit, and thus, are frivolous. *See Lee v. Clinton,* 209 F. 3d 1025, 1026 (7th Cir. 2000). Gakuba filed all three motions prior to any Defendants even answering the First Amended Complaint. As previously mentioned, it is not an abuse of discretion for a Court to conclude that the motion is premature when filed before defendants have answered. *See Stanley,* 307 F. App'x at 10; FED. R. CIV. P. 56(b). Furthermore, a motion for judgment on the pleadings is not appropriate until after the pleadings are closed. FED. R. CIV. P. 12(C). The pleadings did not close until April 27, 2020, when all of the defendants had filed responsive pleadings, and thus, the motion for judgment on the pleadings was premature. Finally, "this Court enjoys broad discretion in directing the

course of discovery." *Eastman v. Larson,* 18-cv-543-DRH-DGW, 2018 WL 4002601 at *1 (S.D. Ill. 2018). At the time Gakuba filed his Motion to Compel Discovery, not only had a discovery schedule not yet been entered in this case, but Gakuba also did not certify that he in good faith had conferred with Defendants to obtain discovery responses without court action prior to filing his motion. *See* FED. R. CIV. P. 37. Because the appeal is not taken in good faith and is frivolous, the Court denies Gakuba's Motion for Leave to Appeal IFP the Court's order to the extent that it denied the Motion to Compel Discovery, the Motion for Summary Judgment, and the Motion for Judgment on the Pleadings.

The Court finds that Gakuba's request to proceed IFP on appeal of the Court's denial of his motions for equitable relief, including his request to be transferred to a different facility, however, appear to be taken in good faith. First, Gakuba may appeal an interlocutory order denying a motion for preliminary injunction under 28 U.S.C. § 1292(a)(1). Second, his claims in support of his request for preliminary injunctive relief are neither malicious nor frivolous.

### DISPOSITION

For the reasons provided above, Gakuba's Motion for Reconsideration (Doc. 52) is **DENIED.** The Motion for Leave to Appeal *in forma pauperis* (Docs. 55 and 62) is **GRANTED in part** and **DENIED in part**. Gakuba may proceed IFP on his appeal of the Court's denial of his Motions for Equitable Relief (Docs. 5, 14, 23, and 46). The Order assessing an initial partial filing fee will be entered separately.

If Gakuba wishes to contest the Court's ruling that his appeal is not in good faith, he has thirty days from the date of this Order to reapply to the Seventh Circuit Court of

Appeals for leave to proceed *in forma pauperis* on appeal of the Court's denial of his remaining motions — Motion to Compel Discovery, Motion for Summary Judgment, and Motion for Judgment on the Pleadings. FED. R. APP. P. 24(a)(5).

**IT IS SO ORDERED.**

DATED:   **April 27, 2020**

                                                                  _____
                                                                  **NANCY J. ROSENSTENGEL**
                                                                  **Chief U.S. District Judge**