IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **PETER GAKUBA,** **#M52946,** | |
| Plaintiff, | |
| v. | Case No. 19-cv-01273-NJR |
| **LARRY HENDERSON,** *et al.*, | |
| Defendants. | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is currently before the Court on several motions filed by *pro se* Plaintiff Peter Gakuba concerning answers to the First Amended Complaint filed by Defendants Birch and Smith.

On January 8, 2020, Birch and Smith were issued summons on Gakuba's First Amended Complaint. (Doc. 20). Defendant Birch returned the summons on February 3, 2020, and Smith returned the summons on February 6, 2020. Their answers were due by March 9, 2020. (Docs. 29, 36). Counsel for Defendants Smith and Birch did not enter an appearance until April 22, 2020, and on the same day filed a motion asking the Court for an additional seven days to file a responsive pleading. (Doc. 67). The Court granted the motion on April 23, 2020, and answers were filed on April 27, 2020. (Docs. 70, 71).

On May 12, 2020, Gakuba filed a motion to strike the answers to the First Amended Complaint filed by Defendants Smith and Birch (Doc. 76); a motion for default judgment against Defendants Smith and Birch (Doc. 77); and a motion for leave to file a responsive pleading (Doc. 78). Defendants Smith and Birch filed a response (Doc. 80); Gakuba filed a

Page 1 of 4

reply (Doc. 82) and a motion to strike their response (Doc. 81).

I. **MOTION TO STRIKE ANSWERS TO THE COMPLAINT FILED BY DEFENDANTS SMITH AND BIRCH (DOC. 76) AND MOTION FOR DEFAULT JUDGMENT (DOC. 77)**

Gakuba argues that the answers to the First Amended Complaint should be stricken and moves for default judgment against Defendants Smith and Birch as a matter of law. He states that the Court was biased and acted with prejudice when it granted the motion to allow Defendants additional time to respond without allowing him to first file a response in opposition. He further argues Defendants Smith and Birch were active and engaged *pro se* litigants filing false declarations to defeat his motion for equitable relief, and they should not be allowed to use their *pro se* incompetence in order to be granted additional time to file an answer once their counsel entered her appearance. He states he was prejudiced by the delay in the proceedings.

Gakuba's motions are denied. Under Federal Rule of Civil Procedure 6, the Court in its discretion may allow a defendant to file an answer late when the late filing party "failed to act because of excusable neglect." FED. R. CIV. P. 6 (b)(1)(B). A court may excuse failure to timely file when it is "caused by inadvertence, mistake, or carelessness." *Lewis v. School Dist. # 70,* 523 F.3d 730, 740 (7th Cir. 2008) (citations and quotations omitted). In this case, defense counsel claimed that due to inadvertence she was not assigned as counsel until April 22, 2020. On that same day, she promptly entered her appearance and filed a motion for an extension.[1] As courts prefer that claims be decided on the merits, rather than technicalities, the Court found good cause to give Defendants additional time to put forth a defense. *See Sun v. Bd. of Tr. of Univ. of IL,* 473 F. 3d 799, 811 (7th Cir. 2007) ("This Circuit has a well established policy

---

[1] Contrary to Gakuba's assertion, Defendants Smith and Birch had not previously been actively engaged in the case and did not file declarations or a response to the motion for equitable relief.

favoring a trial on the merits over a default judgment."). Because the Court granted Defendants' motion, their answers were timely filed within the time allowed for doing so, and there is no legal basis for entering a default judgment against them. Although Gakuba states that he was prejudiced by the delay and "a deadline is a deadline," it is not entirely clear how the delay prejudiced him in litigating his claims, as he has also requested and been granted extensions in this case. (*See* Docs. 9, 12, 63). Accordingly, the requests to strike the answers and enter default judgment against Smith and Birch are denied.

## II.     MOTION FOR LEAVE TO FILE RESPONSIVE PLEADING (DOC. 78)

Any allegation in an answer to a complaint is deemed denied, and thus, under the Federal Rules of Civil Procedure a reply to an answer is not required or allowed without a court order. *See* FED. R. CIV. P. 7(a) and 8(b)(6). In his motion for leave to file a responsive pleading, Gakuba does not address the content of the answers filed by Smith and Birch or put forth arguments for why a responsive pleading is necessary. Rather, he accuses Smith and Birch of being "fraudsters" and making "material misrepresentations and omissions." He again argues that they have waived their defenses since the answers were filed untimely. Gakuba also recounts events involving a deposition in another litigation that do not pertain to the issues in this case.

As the Court assumes that Gakuba denies the factual statements and affirmative defenses raised by Smith and Birch in their answers, a responsive pleading is not necessary, and the motion is denied.

## III.    MOTION TO STRIKE DEFENDANTS' RESPONSE (DOC. 81)

Gakuba asks the Court to strike the response filed by Defendants Smith and Birch in opposition to his motion to strike their answers, motion for default judgment, and motion to

file a responsive pleading. He argues their response was untimely filed with the Court on May 26, 2020. Although the motions filed by Gakuba were received by the Court on May 12, 2020, they are dated May 4, 2020, which is the date he mailed the pleadings. Gakuba argues that under the "prisoner mailbox rule" Defendants had until May 18, 2020, to file a response.

The prion mailbox rule provides that a "*pro se* prisoner's legal documents are considered filed on the date that they're tendered to prison staff[.]" *Taylor v. Brown,* 787 F.3d 851, 859 (7th Cir. 2015). The rule does not modify the date of service to an opposing party. Defendants were served by electronic filing on May 12, 2020, and timely filed their response fourteen days later. SDIL – LR 7.1(g). The motion to strike is denied.

### DISPOSITION

For the reasons provided above, the following motions filed by Gakuba are **DENIED:** Motion to Strike Answer to Amended Complaint (Doc. 76); Motion for Default Judgment as to Birch and Smith (Doc. 77); Motion for Leave to File Responsive Pleading (Doc. 78); and Motion to Strike Response to Motion (Doc. 81).

**IT IS SO ORDERED.**

**DATED:   July 14, 2020**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**