IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PETER GAKUBA, #M52946,<br><br>  Plaintiff,<br><br>v.<br><br>LARRY HENDERSON, *et. al.*,<br><br>  Defendants. | Case No. 19-cv-01273-SPM |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

This matter is currently before the Court on three motions requesting a stay of the proceedings, or, in the alternative, an extension of deadlines (Docs. 92, 99, 104)[1] and a motion to compel discovery (Doc. 103) filed by *pro se* Plaintiff Peter Gakuba. For the following reasons, the motions requesting a stay will be denied in part and granted in part and the motion to compel will be denied.

## MOTIONS TO STAY

In the motions requesting a stay, Gakuba states that on July 29, 2020, he was involuntarily taken to a "suicide/solitary cell," and his legal documents for this case, including copies of handwritten grievances, were either destroyed or lost. He no longer has any of the documents entered in this case by the Court or documents he has filed, only documents filed or provided by Defendants. (Docs. 92, 99). Gakuba also claims he is having difficulty ligating this case while incarcerated due to the conditions of his cell, limited access to his legal property boxes, having no effective legal resources, and no access to the law library. (Docs. 104, 102, 111). He states that

---

[1] The Court notes that Docs. 92 and 99, while filed on separate dates, are identical.

Page 1 of 5

habeas relief and his release will occur soon and asks for a stay of the case or, in the alternative, a ninety day extension of the pending deadlines. (Docs. 92, 99).

Defendants have filed a joint response in opposition. (Doc. 101). They argue that Gakuba has not established any reasonable grounds for staying this action. While Gakuba states he does not have any of his legal records, Defendants claim they have sent him copies of all his grievance records as part of initial disclosures. Defendants also point out that Gakuba claims that he does not have any of his legal documents but has attached to his motions copies of legal records from 2018. In his reply, Gakuba argues that he has been deprived of all legal resources since February 2020, and Defendants have omitted from the documents produced in discovery records post June 25, 2020, which show an escalation of retaliation. (Doc. 102). He claims that he will not be able to litigate fairly until he is released and will then be able to access legal research programs and technology. (*Id.;* Doc. 111, p. 1-2).

Granting a motion to stay is "an exercise of judicial discretion, and the party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Ind. State Police Pension Tr. v. Chrysler LLC,* 556 U.S. 960, 961 (2009) (quoting *Nken v. Holder,* 556 U.S. 418, 443 (2009)) ("[a] stay is not a matter of right, even if irreparable injury might otherwise result"). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Nken,* 556 U.S. at 434. "In considering a motion for stay, courts consider both the interest of judicial economy and the potential prejudice or hardship to the parties." *Walker v. Merk & Co., Inc.,* No. 05-CV-360-DRH, 2005 WL 1565839, at *2 (S.D. Ill. June 22, 2005).

While the Court does not find that it is in the interest of judicial economy to completely stop the proceedings at this point in time, Gakuba has demonstrated good cause to amend the Initial Scheduling Order. *See* FED. R. CIV. P. 16(b)(4). Gakuba shall have until **November 13, 2020**, to

respond to the interrogatories submitted to him by Defendants Birch and Smith on June 26, 2020. Gakuba will also have until **December 11, 2020**, to file responses to both motions for summary judgment. (*See* Docs. 93, 96). Gakuba confirms that he has received "300-600 pages of discovery" from Defendants. These documents should aid him in starting to draft responses to Defendants' allegations that he failed to exhaust his administrative remedies prior to initiating this suit. (*See* Doc. 103, Motion to Compel). In the meantime, Defendants are directed to file a response by **October 30, 2020,** to Gakuba's claims that he has been denied access to the law library and other legal resources since February 2020 and that two of his legal property boxes, including documents pertaining to this case, have been confiscated.

## MOTION TO COMPEL

Gakuba claims that he has received discovery from Defendants but because legal documents have been confiscated, he is unable to compare these documents with his own records. (Doc. 103). What he has received from Defendants has been curated and is incomplete. (Doc. 111, p. 2). He requests "all 2020 records" and states that Court action is needed because his repeated requests have been met with retaliation and stonewalling.

Gakuba has previously been instructed that Rule 37 of the Federal Rules of Civil Procedures requires that prior to involving the Court in a discovery dispute, the moving party must first attempt to resolve the dispute informally. (*See* Doc. 51, p. 8). Gakuba's claim that he requested 2020 records and that he has been stonewalled from gaining copies of the records is not sufficient to meet this requirement. Gakuba has not provided the Court any information regarding the discovery request, such as dates the request was submitted, the specific documents requested, and to which Defendants he submitted the request. He also has not provided details on how he attempted to confer with Defendants regarding the failed disclosures. *See Shoppell v. Schrader,* No. 08-cv-284, 2009 WL 2515817, at *1 (N.D. Ind. 2009) (finding that the defendant's single

letter and brief telephone conversation with someone at the law office of plaintiff's counsel was insufficient) (citations omitted). As Gakuba has failed to demonstrate that he has made a good faith effort to resolve the discovery issue prior to filing his motion, the Motion to Compel will be denied.

## Amended Complaint

In the motions requesting a stay and the motion to compel, Gakuba asserts additional claims against Defendants and other staff at Vienna Correctional Center including that he was involuntarily committed to a solitary cell, he was falsely accused of going on a hunger strike as a pretext to search his cell and confiscate legal documents, his linens and hygiene items were confiscated, medical records regarding his susceptibility to heat stroke were lost, and he has been subjected to continuing retaliation. To the extent Gakuba is attempting to amend the complaint, he is advised that the Court does not accept piecemeal amendments to a complaint. Given his current allegations, the deadline for filing a motion for leave to file an amended complaint will also be extended. If Gakuba wishes to amend the First Amended Complaint to add allegations or parties, he must file a motion for leave to amend the complaint, along with a proposed Second Amended Complaint, by **November 13, 2020.** Gakuba is reminded that the proposed amended complaint must include all claims against all defendants and stand complete on its own. The Court will not simply "add" claims or defendants to the First Amended Complaint.

## INITIAL PARTIAL FILING FEE

Gakuba was granted leave to proceed *in forma pauperis* and, pursuant to 28 U.S.C. § 1915(b)(1), an initial partial filing fee ("IPFF") of $1.63 was assessed. (Doc. 15). The IPFF of $1.63 was due by September 14, 2020. (Doc. 85). On September 15, 2020, Gakuba submitted a document entitled "Offer of Proof: Perpetual Prisoner Indigency." (Doc. 100). In the document, he provides a certified trust fund statement showing a negative balance in his prison trust fund account. Based on this information, the Court finds that Gakuba is unable to pay the initial partial

filing fee at this time. However, he incurred the obligation to pay a filing fee for this action when he filed his Complaint, and that obligation remains. Therefore, payments shall be made in accordance with the order granting *in forma pauperis*. Specifically, the agency having custody of Gakuba shall forward payments from his account to the Clerk of this Court each time the amount in the account exceeds $10 until the $350.00 filing fee is paid. (*See* Doc. 15). The Clerk's Office will be directed to send a copy of this Order to the Trust Fund Officer at Vienna Correctional Center.

## DISPOSITION

For the reasons stated above, the Motions to Stay (Docs. 92, 99, 104) are **GRANTED in part** and **DENIED in part.** Gakuba shall answer the interrogatories submitted on June 26, 2020, by **November 13, 2020**. Responses to the Motions for Summary Judgment filed by Defendants (Docs. 93, 96) are due on or before **December 11, 2020**. A motion for leave to file an amended complaint must be filed by **November 13, 2020.** Defendants are **DIRECTED** to file a response to the allegations that Gakuba has not had access to legal resources since February 2020 and that certain legal documents have been confiscated by **October 30, 2020**.

The Motion to Compel Discovery (Doc. 103) is **DENIED without prejudice**. The Motion for Sanctions (Doc. 105) remains pending.

The Court finds that Gakuba does not have the funds to pay the IPFF at this time. The Clerk of Court is **DIRECTED** to send a copy of this Order to the Trust Fund Officer at Vienna Correctional Center.

**IT IS SO ORDERED.**

**DATED:   October 16, 2020**

 *s/ Stephen P. McGlynn*
**STEPHEN P. MCGLYNN**
**United States District Judge**