IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PETER GAKUBA, #M52946, <br><br> Plaintiff, <br><br> v. <br><br> LARRY HENDERSON, GRETA SMITH, PENNY GEORGE, DR. BIRCH, SERINA LANE, CHRIS GOTWAY, and TERRY GRISSOM, <br><br> Defendants. | Case No. 19-cv-01273-SPM |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

This matter is before the Court to address various motions filed by Plaintiff Peter Gakuba and a motion to dismiss filed by Defendants Birch and Smith.

### MOTION FOR SANCTIONS

Plaintiff Gakuba has filed a motion requesting a hearing and sanctions due to an unauthorized disclosure of information contained in his prison records. (Doc. 105). Defendants George, Gotway, Henderson, and Grisson filed a response in opposition. (Doc. 109). Gakuba filed a reply. (Doc. 115).

Gakuba filed identical motions requesting sanctions in this case and also in *Gakuba v. Wright*, 19-cv-01274-NJR (S.D. Ill. Oct. 5, 2020, Doc. 63). In both motions, Gakuba alleges that he was informed by a "jailhouse snitch" that the Illinois Attorney General's Office is preparing civil commitment proceedings against him and that the snitch learned of these proceedings from someone in the administration at Vienna Correctional Center ("Vienna"). Gakuba asserts that the

unauthorized disclosure of this private information by Vienna staff shows that there has been a violation of the HIPAA Qualified Protective Order entered by the Court in this case. (Doc. 19). He asks the Court to hold an evidentiary hearing, impose sanctions, and compel the Attorney General's Office to inform him as to whether they intend to pursue civil commitment proceedings.

Under Federal Rule of Civil Procedure 37(b)(2), a court may impose sanctions on a party that "fails to obey an order to provide or permit discovery." FED. R. CIV. P. 37(b)(2)(A). Sanctions may only be imposed "where a party fails to comply with a discovery order and displays willfulness, bad faith or fault." *See Philips Med. Sys. Intern., B.V. v. Bruetman*, 982 F.2d 211, 214 (7th Cir. 1992); *see also Crown Life Ins. Co. v. Craig,* 995 F.2d 1376, 1382 (7th Cir.1993) ("if not willfulness and bad faith, at least 'contumacious conduct,' 'dilatory tactics,' or the failure of less drastic sanctions").

As was previously found by the Court in *Gakuba v. Wright*, Gakuba has not presented any evidence that "the Defendants in this case released information to the jailhouse snitch." *Gakuba v. Wright* at Doc. 67. In fact, his claims regarding the unauthorized disclosure of his prison records are alleged against an individual who is not even a party to this action and are "unrelated to the claims in this case." *Id.* Thus, the Court does not find that Defendants have exhibited bad faith, and so, sanctions are not warranted. The motion for sanctions is denied. (Doc. 105).

MOTION FOR STAY, MOTION FOR EXTENSION OF TIME, & MOTION TO DISMISS

On October 16, 2020, the Court denied Gakuba's requests to stay the case. (Doc. 113). The Court ruled that it was not in the interest of judicial economy to completely stop the proceedings but granted Gakuba additional time to respond to Defendants' interrogatories, file a response to both pending motions for summary judgments, and file a motion for leave to amend the complaint. Gakuba then filed another request to stay the case on November 13, 2020, and a motion to extend all court deadlines on November 20, 2020. (Docs. 119, 120).

In the pending motions, Gakuba claims that staff at Vienna are not following COVID-19 safety guidelines, and due to his health and age, he is at high risk of suffering serious even fatal health consequences if he becomes infected with the virus. He asserts he is prejudiced because he is unrepresented in this case, forced to handwrite his pleadings, and unable to access legal materials due to institutional lockdowns. He asks for a stay until vaccinations are available, or alternatively, an extension of court deadlines to May 15, 2021.

In response, Defendants Birch and Smith ask the Court to dismiss the case for lack of prosecution. (Doc. 121). They claim that Gakuba still has not answered their interrogatories related to the issue of exhaustion sent to him on June 26, 2020, despite the Court's Order extending the deadline to respond to the discovery until November 13, 2020. (*See* Doc. 113). They point out that rather than answer discovery, Gakuba continues to file motions and replies with the Court, none of which provide an explanation for why he has failed to respond to the interrogatories. Defendants argue that as the Court has already directed Gakuba to respond to the interrogatories, the remedy at this juncture is to dismiss the case for lack of prosecution due to Gakuba's willful violation of the Court's Order.

Gakuba then filed a response in opposition and a motion to reconsider. (Doc. 122). He asks the Court to reconsider the Order entered by Chief Judge Rosenstengel denying his motion for default judgment as to Defendants Birch and Smith and denying his request to strike their answers to his First Amended Complaint entered prior to the case being reassigned to the undersigned. (*See* Doc. 84). He argues that Chief Judge Rosenstengel was wrong in finding good cause and allowing Defendants Birch and Smith to proceed in this case, after filing their responsive pleading forty-five days late. He claims her ruling demonstrates the racial injustice and inequality perpetuated by the courts. In the response, Gakuba does not explain why he has not responded to Defendants' interrogatories.

Citing Gakuba's failure to address the issues in the motion to dismiss and improperly requesting the Court to reconsider a previous order as exceptional circumstances, Defendants filed a reply brief. (Doc. 125) (citing SDIL-LR 7.1).

Gakuba then filed two identical documents entitled "Supplemental Filing in Support of Rule 54(b) Reconsideration Motion." (Docs. 126, 127). Defendants filed a response arguing that the filings are sur-replies to the motion to dismiss and should be stricken. (Doc. 129). Gakuba filed a motion to strike Defendants' response. (Doc. 130).

The Court will address the most recent motions first. In the motion to strike filed by Gakuba, he claims that he did not receive Defendants' response (Doc. 129) to his Supplemental Filings in Support of Rule 54(b) Reconsideration Motion, (Docs. 126, 127), until January 26, 2021, after the 14 day deadline. Because of the untimely receipt, the response should be stricken.

The Court received the Supplemental Filings in Support of Rule 54(b) Reconsideration Motion on January 8, 2021 and January 11, 2021. Defendants filed their response on January 21, 2021, within the 14 day deadline. *See* SDIL-LR 7.1 (a party has 14 days after service "to file a written response"). The response included a certificate of service stating that the response was mailed to Gakuba on the same date. *See* E-Filing Rules, Rule 9. Although Gakuba did not receive the response until five days later, "service is complete upon mailing" and the response was timely filed with the Court. FED. R. CIV. 5(b)(2)(C). There is no reason to strike the response, and the motion is denied. (Doc. 130).

Gakuba filed the "Supplemental Filings in Support of Rule 54(b) Reconsideration Motion" in reply to Defendants' reply brief filed on December 15, 2020. (Doc. 125). The Local Rules of this Court provide that "[u]nder no circumstances will sur-reply briefs be accepted" and prior to filing a supplement, a party must first seek leave of the court. SDIL-LR 7.1(c). Because sur-reply briefs are prohibited, and Gakuba did not seek leave before filing his additional supplements, the

additional supplements will be stricken from the docket.

Gakuba's request for reconsideration of the Court's previous order denying his motion for default judgment and to strike is also denied. (*See* Doc. 122). "A motion to reconsider is proper where the Court has misunderstood a party, where the Court has made a decision outside the adversarial issues presented to the Court by the parties, where the Court has made an error of apprehension (not of reasoning), where a significant change in the law has occurred, or where significant new facts have been discovered." *Battle v. Smoot*, No. 17-cv-1165-NJR, 2018 WL 2604855, at *2 (S.D. Il. June 4, 2018). Essentially, Gakuba argues that the Court has made an error of reasoning in denying his motions, which is not a basis warranting reconsideration of the challenged Order. Chief Judge Rosenstengel's ruling was correct as to the law and facts before this Court, and the Court will not reconsider the Order.

As for the motion for stay (Doc. 119), the Court finds the request moot. Gakuba is no longer incarcerated and subjected to the conditions that he claims are hindering his ability to continue litigating this case. (Doc. 134).

The motion for extension of time is granted in part. (Doc. 120). Gakuba shall have until June 24, 2021, to file responses to the motions for summary judgment. Gakuba is advised that no further extensions will be granted.

The motion to dismiss will remain pending. Previously, Gakuba was given additional time and directed to respond to Defendants' Birch and Smith's interrogatories by November 13, 2020. (*See* Doc. 113). He has not provided the discovery responses, nor has he given an explanation for his failure to do so. As previously discussed, Rule 37 allows for sanctions, including dismissal, when a party fails to comply with the Court's discovery orders. *See Ramirez v. T&H Lemont, Inc.*, 845 F. 3d 772, 775-76 (7th Cir. 2016). Additionally, claims against a defendant can also be dismissed under Rule 41(b) when "there is a clear record of delay or contumacious conduct, or

when other less drastic sanctions have proven unavailing." *Brown v. Columbia Sussex Corp.,* 664 F. 3d 183, 190 (7th Cir. 2011) (quotations and citations omitted). At this point, it appears that the claims against Smith and Birch could be dismissed under either Rule. Therefore, the Court will grant Gakuba one final opportunity to comply with the Court's Order. *See Aura Lamp & Lighting Inc. v. Int'l Trading Corp.*, 325 F. 3d 903 (7th Cir. 2003) (finding that district court did not abuse discretion in dismissing a case for want of prosecution where the plaintiff repeatedly failed to meet deadlines and was given one final extension and warning of dismissal). Gakuba is directed to respond to the interrogatories sent by Defendants Birch and Smith on June 17, 2020, and to show cause why the Court should not dismiss his claims as to Defendant Birch and Smith for failure to prosecute his claims and failure comply with an order of the Court by June 17, 2021. Failure to do so will result in dismissal of Defendants Birch and Smith from this action.

## DENIAL OF ACCESS TO LEGAL RESOURCES

The Court had previously directed Defendants to file responses to Gakuba's claims that he was being denied access to the law library and other legal resources and that two of his legal property boxes had been confiscated while at Vienna. (*See* Doc. 113). Defendants filed a response, which includes the Declaration of Catherine Wright, the personal property manager at Vienna and the Declaration of Karin Pannier, the librarian at Vienna. (Doc. 117; Doc. 117-1; Doc. 117-4). The Declarations provide dates for when Gakuba was able to physically access his legal property box and the law library during 2020. Defendants have also included correspondence between Gakuba and the law library while COVID-19 protocols restricting offender movement were in place at Vienna. (Doc. 117-6). Defendants argue that Gakuba's legal documents were not deemed contraband or destroyed, and there is no evidence to support Gakuba's claims regarding his legal materials or denial of access to legal resources.

Gakuba filed a reply and 219 pages of exhibits, grievances and grievance responses. (Doc.

118). He refutes Defendants' claims that his legal documents were not destroyed. Gakuba states that several of the dates given for when he accessed his legal property are misleading because he was sent to property on multiple occasions to assemble large pleadings he was filing in his court cases, not truly accessing his legal documents. Gakuba still contends that he is not allowed to freely access legal material, most notably legal research material, at Vienna.

Even though Gakuba's allegations regarding access to legal resources are outside the scope of his First Amended Complaint, the Court directed Defendants to respond to the alleges to ensure that its jurisdiction to resolve this matter was not being thwarted by Vienna staff. *See* 28 U.S.C. § 1651(a). Gakuba is no longer housed at Vienna, alleviating the Court's concerns. Although, Gakuba includes claims in his reply that appear to be additional constitutional violations regarding retaliation and denial of access to courts, these claims are not before the Court for adjudication on the merits, and the Court will not take further action regarding these allegations. If Gakuba wishes to pursue relief for these unrelated claims, he should file a separate case under 42 U.S.C. § 1983. The Court states no opinion on the merits of any such claims.

## DISPOSITION

For the reasons stated above, the Motion for Sanctions (Doc. 105), the Motion to Reconsider (Doc. 122), and the Motion to Strike (Doc. 130) filed by Plaintiff Gakuba are **DENIED.**

The Motion to Stay (Doc. 119) filed by Plaintiff Gakuba is **DENIED as moot**.

The Motion for Extension of Time (Doc. 120) filed by Plaintiff Gakuba is **GRANTED in part** and **DENIED in part**. Gakuba shall have until **June 24, 2021**, to file responses to the motions for summary judgment. Gakuba is advised that no further extensions will be granted.

The Motion to Dismiss (Doc. 121) filed by Defendants Smith and Birch remains pending. Gakuba is **DIRECTED** to **RESPOND** to Defendants' interrogatories and to **SHOW CAUSE** why

his claim against Defendants Smith and Birch should not be dismissed for failure to prosecute his claims and comply with an order of the Court by **June 17, 2021.**

The Clerk of Court is **DIRECTED** to **STRIKE** Docs. 126 and 127 from the docket.

**IT IS SO ORDERED.**

**DATED:   June 10, 2021**

                                                     _s/ Stephen P. McGlynn_
                                                    **STEPHEN P. MCGLYNN**
                                                    **United States District Judge**