# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **PETER GAKUBA,** **Plaintiff,** v. **LARRY HENDERSON,** *et al.*, **Defendants.** | Case No. 19-cv-01273-SPM |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Before this Court is a motion for reconsideration filed by *pro se* Plaintiff Peter Gakuba. (Doc, 141). Defendants Birch and Smith filed a response in opposition. (Doc. 142). For the following reasons the motion for reconsideration is denied.

On June 10, 2021, the Court entered an Order giving Gakuba (1) one week to respond to interrogatories sent by Defendants Smith and Birch on June 26, 2020; (2) one week to show cause why the claims against Smith and Birch should not be dismissed for failure to prosecute; and (3) two weeks to file responses to the pending motions for summary judgment on the issue of exhaustion of administrative remedies filed in September 2020. (Doc. 140). That same day, Gakuba filed a motion to reconsider arguing that the Court made an error of fact by finding that that the Vienna Correctional Center prison staff were no longer culpable in thwarting or obstructing justice in this case. (Doc. 141). He claims that he has been released from incarceration but that all his legal documents are boxed and still in the possession of the Illinois Department of Corrections. Without his legal documents, he cannot respond to the interrogatories, which he also does not have, or the motions for summary judgment. Gakuba states that the deadlines established by the Court are unreasonable, and the Court should order Defendants to mail him his legal

documents immediately. He further asserts that his responses to the interrogatories should be due thirty days from the date that Defendants Birch and Smith provide him their interrogatories by email and the deadline to respond to the motions for summary judgment should be set thirty days from the date Vienna Correctional Center mails all of his legal documents to his lawyer in Baltimore, Maryland.

Under Rule 54(b), the Court may revise any order adjudicating fewer than all the claims at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties. Motions to reconsider an order under Rule 54(b) are judged largely by the same standards as motions to alter or amend a judgment under Rule 59(e), "to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (citation omitted). "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996). *See also Ahmed v. Ashcroft,* 388 F. 3d 247, 249 (7th Cir. 2004).

The Court does not find that there has been any error of fact warranting reconsideration of the deadlines set in the previous Order. While it may be true that Gakuba is not currently in possession of his legal boxes, based on his own assertions, the legal boxes no longer contain grievances relevant to this case. On August 3, 2020, Gakuba filed a motion stating that irreplaceable grievances pertaining to this lawsuit were "lost, stolen, confiscated, or destroyed" by Vienna staff. (Doc. 86, p. 1). In September, he again asserted that on July 29, 2020, staff raided his cell and ransacked, destroyed, and lost legal documents for this case, "including handwritten grievance copies." (Doc. 92, p. 1; *see also* Doc. 99, 103, 104, 118). Gakuba alleged that what remained were Defendants' filings only, "no court or Gakuba's filings can be found; much less irreplaceable handwritten notes/drafts." (*Id.*). Because Gakuba's documents relating to exhaustion

of his remedies prior to filing this case have allegedly been destroyed, lack of access to his legal boxes has not prevented him from responding the motions for summary judgment. Additionally, some relevant grievances filed by Gakuba are still available to him through the docket, as he has included copies of grievances and institutional responses as exhibits to his previous filings. (*See* Doc. 5, 42, 46, 47, 55, 99). Gakuba has had access to all filings in this case through the District Court's electronic case filing system ("CM/ECF") since May 12, 2021. (Doc. 138). Accordingly, Gakuba has sufficient resources available to him to oppose the allegations in the motions for summary judgment on exhaustion, dispute the reliability of Defendants' grievance exhibits, and inform the Court of specific grievances or documents that have been destroyed or confiscated by Vienna staff that would have supported his position.

As to the two outstanding interrogatories, Gakuba claims he cannot respond to the interrogatories sent by Smith and Birch because they have not been provided when asked. Based on the record, however, Gakuba did not ask for a new copy of the interrogatories from Defendants until May 27, 2021— almost a year after the interrogatories were served. (Doc. 141, p. 2; Doc. 142, p. 2). Although he may not have received the interrogatories when initially sent in June 2020, the Court granted him additional time to respond or to contact Defendants for additional copies, and he did not. (Docs. 99, 113). As discussed, on May 12, 2021, he was given access to CM/ECF and could view the interrogatories on the docket. (*See* Doc. 97-6). The interrogatories can also now be accessed at Doc. 142, filed as an attachment to Defendants' response in opposition to the motion for reconsideration filed on June 10, 2021, the same day the Court set the deadline to respond. (Doc. 142-1). After filing the motion for reconsideration, Gakuba has since informed the Court that he has provided responses to the interrogatories by the new deadline. (Doc. 144, p. 3). Thus, not only has Gakuba not been prevented from responding to discovery by the new deadline set by the Court because he did not have access to the interrogatories, but his request for additional

time is now moot.

Accordingly, the Motion for Reconsideration of the June 10, 2021 Order (Doc. 141) is **DENIED.**

**IT IS SO ORDERED.**

**DATED:   June 22, 2021**

                                              *s/Stephen P. McGlynn*
                                              **STEPHEN P. MCGLYNN**
                                              **United States District Judge**